**1:25-cr-00081**
**Judge John Robert Blakey**
**Magistrate Judge Heather K. McShain**
**Random/Cat. 4**

FILED
2/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CEFERINO ESPINOZA ANGULO,<br>  also known as "Ceferino Espinosa Angulo," "El Koy," "El Koyote," and "14" | Case No.<br><br>Violations: Title 21, United States Code, Section 963, and Title 18, United States Code, Section 924(c)(1)(A)<br><br>**INDICTMENT** |

## COUNT ONE

The SPECIAL NOVEMBER 2023 GRAND JURY charges:

1. Beginning no later than in or about November 2014, and continuing until at least on or about February 10, 2025, at Sinaloa, Mexico, and elsewhere,

CEFERINO ESPINOZA ANGULO,
also known as "Ceferino Espinosa Angulo,"
"El Koy," "El Koyote," and "14,"

defendant herein, did conspire with others known and unknown to the Grand Jury: (a) to knowingly and intentionally import into the United States from any place outside the United States, namely, Mexico, a controlled substance, namely, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 952(a), and (b) to knowingly and intentionally manufacture and distribute a controlled substance, namely, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and a quantity of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I Controlled Substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a);

    2.    It was part of the conspiracy that CEFERINO ESPINOZA ANGULO agreed and worked with others to receive controlled substances in Mexico, including fentanyl, cocaine, heroin, methamphetamine, and MDMA, to manufacture controlled substances in Mexico, including fentanyl, and to import those controlled substances into the United States for further distribution.

    3.    It was further part of the conspiracy that CEFERINO ESPINOZA ANGULO agreed and worked with others to distribute controlled substances,

including fentanyl, within Mexico, knowing and intending that such controlled substances would be imported into the United States.

4. It was further part of the conspiracy that CEFERINO ESPINOZA ANGULO agreed and worked with others to obtain controlled substances in Mexico, and to transport them within Mexico toward the border with the United States, intending and knowing that such controlled substances would be imported into the United States.

5. It was further part of the conspiracy that CEFERINO ESPINOZA ANGULO agreed and worked with others to obtain fentanyl precursor chemicals and to manufacture fentanyl in Mexico, intending and knowing that the fentanyl would be imported into the United States, and intending and knowing that fentanyl would be sold in Mexico and later imported into the United States.

6. It was further part of the conspiracy that CEFERINO ESPINOZA ANGULO was at times a member and associate of the Guzman faction of the Sinaloa Cartel, conducting drug-trafficking activity within territory controlled by that faction.

7. It was further part of the conspiracy that CEFERINO ESPINOZA ANGULO employed dozens of gunmen to protect and support himself, his drug trafficking operation, and his associates, including the leadership of the Guzman faction of the Sinaloa Cartel, namely, Ivan Guzman-Salazar, Jesus Alfredo Guzman-Salazar, Ovidio Guzman-Lopez, and Joaquin Guzman-Lopez.

All in violation of Title 21, United States Code, Section 963.

## COUNT TWO

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

Beginning no later than in or around 2020, and continuing until at least on or about February 10, 2025, at Sinaloa, Mexico, and elsewhere,

CEFERINO ESPINOZA ANGULO,
also known as "Ceferino Espinosa Angulo,"
"El Koy," "El Koyote," and "14,"

defendant herein, did knowingly use, carry, brandish, and discharge a firearm, including a machinegun, as defined in Title 26, United States Code, Section 5845(b), during and in relation to a drug trafficking crime for which defendant may be prosecuted in a court of the United States, namely, conspiracy to import a controlled substance into the United States and to manufacture and distribute a controlled substance intending and knowing that such substance would be imported into the United States, in violation of Title 21, United States Code, Section 963, as charged in Count One of this Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B), and 2.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2023 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Section 963, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense; and any property used, and intended to be used, in any manner and part, to commit and to facilitate commission of the offense, as provided in Title 21, United States Code, Sections 853(a) and 970. The property to be forfeited includes, but is not limited to, a money judgment.

2. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States, Code Section 853(p), and Title 18, United States Code, Section 982(b).

A TRUE BILL:

_____
FOREPERSON

_____
MORRIS PASQUAL
ACTING UNITED STATES ATTORNEY
NORTHERN DISTRICT OF ILLINOIS

_____
TARA MCGRATH
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA

_____
MARLON COBAR, CHIEF
NARCOTIC & DANGEROUS DRUG
SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

6